UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

NYC WATCHES, LLC

                **Plaintiff,**

        **-against-**

JP MORGAN CHASE BANK, N.A.

                **Defendant**

------------------------------------------------------------------x

        **1:26-cv-04685**

        **COMPLAINT**

Plaintiff NYC Watches, LLC ("Plaintiff" or "NYC Watches"), by and through its undersigned counsel, brings this action against Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action arises from Chase's abrupt, unjustified, refusal to provide Plaintiff with the proceeds of a $100,000 wire transfer without explanation, legal process, or any stated basis.

2. NYC Watches is a luxury watch dealer operating in Manhattan. On May 12, 2026, it sold a Patek Philippe Aquanaut Rose Gold timepiece to a customer for $100,000. The customer wired the full purchase price directly to NYC Watches' Chase account. Chase credited the funds and represented them as fully available. In reliance on Chase's confirmation of available funds, NYC Watches shipped the watch to the customer via FedEx Priority Overnight that same day.

3. Approximately two weeks later, without prior notice, explanation, or legal process, Chase froze (and eventually closed) Plaintiff's account and has refused to provide the $100,000

1

transfer to Plaintiff. Despite demand, Chase has refused to provide any proper explanation for their closure of Plaintiff's account and withholding of these funds.

4. Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and negligence, and seeks compensatory damages, consequential damages, and such other relief as the Court deems just and proper.

## THE PARTIES

5. Plaintiff NYC Watches, LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 64 West 48th Street, Suite 905, New York, New York 10036.

6. Defendant JPMorgan Chase Bank, N.A. is a national banking association chartered under the laws of the United States. Chase's main office, as designated in its articles of association, is located in Columbus, Ohio. Chase is therefore a citizen of the State of Ohio for purposes of diversity jurisdiction. Chase conducts extensive banking operations throughout the State of New York, including the branch and accounts at issue in this action.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District, including the maintenance of Plaintiff's Chase account, Chase's crediting and freezing of that account, and the business operations disrupted by Defendant's conduct.

**FACTUAL ALLEGATIONS**

**A. NYC Watches' Business and Its Chase Account**

9.  NYC Watches is an established luxury watch dealer with operations in Manhattan, New York. Its business involves the purchase and resale of high-value timepieces, including brands such as Patek Philippe, Rolex, and Audemars Piguet.

10.  At all relevant times, NYC Watches maintained a business checking account with Chase (the "Account"). The Account was used for all ordinary business operations, including receipt of customer payments and payment to suppliers.

11.  The parties' banking relationship is governed by Chase's standard Deposit Account Agreement and applicable provisions of New York law.

**B. The May 13, 2026 Sale and Wire Transfer**

12.  On or around May 12, 2026, NYC Watches agreed to sell a Patek Philippe Aquanaut Rose Gold timepiece, Reference 5167R-001, serial numbers 7010716/6141435 (the "Watch"), to customer Ronald Robert Denunzio of Houston, Texas, for a purchase price of $100,000.

13.  Prior to completing the sale, NYC Watches conducted due diligence on the buyer, including verifying Mr. Denunzio's identity via video conference and government-issued identification.

14.  On or about May 12, 2026, at Mr. Denunzio's direction, a wire transfer of $100,000 was initiated from an account at Huntington National Bank in Texas, payable to NYC Watches' Chase Account. The wire was executed in person at a Huntington National Bank branch in Texas.

15.  Chase received the wire transfer and credited the funds to the Account. Chase's systems

confirmed that the $100,000 was fully available in the Account.

16.  Relying on Chase's confirmation that the funds were received and fully available, NYC Watches shipped the Watch to Mr. Denunzio via FedEx Priority Overnight on May 13, 2026, with delivery scheduled for May 14, 2026. The Watch was fully insured and required government ID verification upon delivery.

## C. Chase's Unlawful Freeze and Closure of the Account

18.  On or about May 16, 2026 Chase froze the subject account. On March 29, 2026 Chase closed Plaintiff's account without prior notice to Plaintiff, without any court order, legal process, or regulatory directive known to Plaintiff, and without any stated reason.

19.  At the time of the closure, the Account held approximately $488,000 in funds belonging to NYC Watches.

20.  On information and belief, in connection with the freeze, Chase debited or otherwise caused a $100,000 charge to appear against the Account on May 29, 2026, corresponding to the amount of the Denunzio wire transfer.

21.  Chase indicated to NYC Watches that it would issue two checks—one for approximately $388,000 and one for approximately $100,000—but has failed to do so.  Instead, Chase has agreed to transfer the $388,000 into a new account with Chase on behalf of Plaintiff, but is withholding the $100,000 from Plaintiff without reason or explanation.

22.  Despite Plaintiff's demands, Chase has refused to provide any explanation, basis, or justification for the freeze, account closure, or withholding if funds.

23.  NYC Watches has already parted with the Watch—a $100,000 asset—in reliance on Chase's representation that the wire funds were fully available.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

25. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

26. A valid and enforceable contract exists between NYC Watches and Chase, as embodied in the Deposit Account Agreement and related account documents governing the Account (the "Deposit Agreement").

27. The Deposit Agreement obligates Chase to maintain the Account in good standing, to make deposited funds available to Plaintiff in accordance with applicable law and the terms of the agreement, and to act in accordance with Plaintiff's lawful instructions with respect to the Account.

28. Plaintiff has fully performed all of its obligations under the Deposit Agreement, including maintaining the Account in good standing.

29. Chase materially breached the Deposit Agreement by (a) closing the Account and blocking Plaintiff's access to approximately $488,000 in funds without basis or authorization; (b) failing to provide Plaintiff with any notice or explanation for the closure; (c) failing to release the funds in a timely manner; and (d) debiting $100,000 from the Account without Plaintiff's authorization.

30. As a direct and proximate result of Chase's breach, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $100,000, plus consequential damages, lost profits, and other losses.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

32. Implied in the Deposit Agreement is a covenant of good faith and fair dealing, pursuant to which Chase agreed not to act in a manner that would deprive NYC Watches of the benefits of its bargain or frustrate the reasonable expectations of Plaintiff as an account holder.

33. Chase breached this implied covenant by, among other things: (a) closing the entire Account without notice, explanation, or basis; (b) refusing to disclose any reason for the freeze despite Plaintiff's demands; (c) misrepresenting the availability of funds by confirming the $100,000 wire as "fully available," thereby inducing Plaintiff to ship a $100,000 asset; and (d) failing to take prompt action to release the Account or mitigate harm to Plaintiff.

34. Chase's conduct was arbitrary, unreasonable, and in bad faith, and deprived Plaintiff of the benefits it reasonably expected from its banking relationship with Chase.

35. As a direct and proximate result of Chase's breach, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT III – CONVERSION

36. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

37. Plaintiff has a possessory right to and interest in the subject $100,000 wired into the Account.

6

38.  By closing the Account and refusing to release Plaintiff's funds, Chase has intentionally exercised dominion and control over Plaintiff's property in derogation of Plaintiff's rights, without legal authority, justification, or consent.

39.  Chase's exercise of dominion over Plaintiff's funds has been wrongful, unauthorized, and without legal process.

40.  As a direct and proximate result of Chase's conversion of Plaintiff's property, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $100,000.

## COUNT IV – NEGLIGENCE

41.  Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

42.  Chase owed NYC Watches a duty of care in connection with the processing and crediting of wire transfers to the Account, and in the maintenance and administration of the Account generally.

43.  Chase breached its duty of care by, among other things: (a) crediting the $100,000 wire transfer to the Account and representing it as "fully available" without conducting appropriate due diligence or holds; (b) subsequently freezing the entire Account without notice, adequate investigation, or compliance with applicable banking regulations; and (c) failing to act with reasonable care in administering the Account and communicating with Plaintiff regarding the status of its funds.

44.  It was reasonably foreseeable that a customer such as NYC Watches would rely on Chase's confirmation of available funds and take commercial action, such as shipping high-value inventory, in reliance on that confirmation.

45. As a direct and proximate result of Chase's negligence, Plaintiff shipped the subject watch and subsequently lost access to its account funds, suffering damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NYC Watches, LLC respectfully requests that this Court enter judgment in its favor and against Defendant JPMorgan Chase Bank, N.A. as follows:

(a) Compensatory damages in an amount to be determined at trial, but not less than $100,000;

(b) Consequential and incidental damages, including lost business opportunities, lost profits, and damage to business relationships;

(c) Pre-judgment and post-judgment interest at the applicable legal rate;

(d) Attorneys' fees and costs to the extent permitted by law or contract;

(e) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated:  June 3, 2026

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*